IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAARON SHEARS, )
        Plaintiff, )
)
v. ) Civil Action No.18-602
)
(C.O.) MOONEY, )
)
        Defendant. )

## MEMORANDUM ORDER

Pending before the Court are three motions filed by Plaintiff Daaron Shears in which he seeks appointment of counsel (ECF Nos. 103, 106, 107). For the reasons that follow, Plaintiff's motions will be denied.

Plaintiff, an inmate at the State Correctional Institutional ("SCI") Smithfield, initiated this pro se *in forma pauperis* prisoner civil rights action alleging violations of the Eighth Amendment to the United States Constitution which occurred at SCI Greene, where he was previously incarcerated.[1] (ECF No. 64). Specifically, Plaintiff alleges that Defendant CO Mooney, a corrections officer at SCI Greene, subjected him to cruel and unusual punishment by deliberately slamming his hand shut in the wicket where Plaintiff had placed his breakfast tray. (*Id.* at 2, 4). Plaintiff also claims that, after injuring his hand, Defendant acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide any first aid assistance. (*Id.* at 5).

It is well-established that "[c]ivil litigants have no constitutional or statutory right to appointed counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). Under 28 U.S.C. § 1915, however, courts have "broad

---

[1] Plaintiff was granted *in forma pauperis* status on August 6, 2018. (ECF Nos. 15). The operative pleading in this action, however, is Plaintiff's second amended complaint, which was filed on January 1, 2019, and is docketed as the "Comprehensive Complaint." (ECF No. 64).

discretion to request an attorney to represent an indigent civil litigant." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see* 28 U.S.C. 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The Third Circuit has instructed courts to follow a "two-step process" in exercising that discretion. *Folino*, 927 F.3d at 697. First, the court must "determine[] that the plaintiff's claim has arguable merit in fact and law . . . ." *Tabron*, 6 F.3d at 155. Second, if plaintiff's claim is meritorious, "the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.*

> Those factors include:(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Folino*, 927 F.3d at 697 (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5)). In addition to assessing these factors, known as the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity." *Id.* at 700 (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002)).

Before turning to Plaintiff's pending motions seeking appointment of counsel, the Court notes that prior to this case being assigned to the undersigned on July 15, 2019, (ECF No. 95), Plaintiff sought appointment of counsel on ten different occasions. (ECF Nos. 8, 9, 18, 20, 30, 43, 44, 71, 81, and 86). In denying those motions without prejudice to be raised at a later time, the Court explained that Plaintiff's requests were premature because under the Court's local rules, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se are not granted until after the resolution of dispositive motions absent special circumstances. (ECF Nos. 10, 22, 31, 45, 72, 82, and 93); *see* W.D. Pa. LCvR 10.C ("Absent special

2

circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved.")

Plaintiff's most recent motion for appointment of counsel was denied in an order dated July 10, 2019. (ECF No. 93). As of the filing of the currently pending motions for appointment of counsel, discovery is complete (ECF No. 101), but dispositive motions are not due until November 4, 2019. (ECF No. 91). Thus, Plaintiff's renewed motions are premature. Additionally, the docket does not reflect any special circumstances that warrant the appointment of counsel. However, instead of summarily denying Plaintiff's pending motions based on prior orders and the Court's local rules, the Court will follow the two-step process outlined above because "*Tabron* applies to successive requests for counsel the same as it applies to initial requests for counsel . . . ." *Folino*, 927 F.3d at 698.

The Court takes no position at this juncture regarding whether Plaintiff's claim has any arguable merit in law or fact, but instead will focus on consideration of the additional *Tabron* factors. An analysis of these factors reveals that appointment of counsel at this time in this instance is not warranted.

The first and second *Tabron* factors, which concern Plaintiff's ability to present his case and the complexity of the legal issues, weigh against appointment of counsel because Plaintiff has demonstrated some understanding of the facts and the law. He has amended his complaint twice, first to add a defendant (ECF No. 25), and then to remove that defendant (ECF No. 64) in response to a motion to dismiss. (ECF No. 50). Additionally, Plaintiff's discovery requests (ECF Nos. 63, 74, 88) and his recently filed pre-trial statement (ECF No. 104) suggest that he has identified relevant factual and legal issues, none of which are complex.

The third factor, related to the degree of factual investigation needed for Plaintiff to pursue

his claims, also weighs against appointment of counsel. In this regard the Court makes two observations. First, Plaintiff's claims are not of the type that "require extensive discovery and compliance with complex discovery rules." *Tabron*, 6 F.3d at 156. Second, discovery is already complete in this case.

The Court is unable at this time to evaluate the fourth and fifth factors, i.e., whether (and to what degree) will this case turn on credibility determinations or require the testimony of expert witnesses, because Defendant has until November 4, 2019, to either move for summary judgment or file a pretrial statement. (ECF No. 91).

Finally, as to the sixth factor, because Plaintiff is incarcerated and has been granted *in forma pauperis* status, the Court assumes that he cannot attain or afford counsel. While this one factor may weigh in favor of appointment of counsel, when the Court evaluates all of the *Tabron* factors, the balance weighs against the appointment of counsel. Given this conclusion, the Court declines to exercise its discretion to request volunteer counsel to represent plaintiff in the prosecution of this action "because volunteer lawyer time is a precious commodity." *Folino*, 927 F.3d at 700.

Additionally, Plaintiff has not set forth any "special circumstances" that warrant granting counsel at this time under the Court's local rules. Should Plaintiff's claims survive any dispositive motion that may be filed and the case proceeds to trial, the Court may reconsider his request if all of the circumstances warrant reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF Nos. 103, 106, 107) are **DENIED** without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.C.2, the parties are allowed fourteen (14) days

4

after being served with this Order to file objections. Any objections must be filed with Clerk of Court and served upon all parties and must specifically designate the order or part thereof that is objected to and the basis for the objection.

**SO ORDERED** this 30th day of October, 2019.

_____
PATRICIA L. DODGE
United States Magistrate Judge

Service by regular U.S. mail upon:

Daaron Shears
KV1912
SCI Smithfield
PO Box 999
1120 Pike Street
Huntington, PA 16652-1172