**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAARON SHEARS,                         )
                                       )
                                       )
              Plaintiff,               )
       v.                              )          Civil Action No. 18-602
                                       )          Senior Judge Nora Barry Fischer
                                       )
C.O. MOONEY,                           )
                                       )
              Defendant.               )

<u>**ORDER OF COURT**</u>

AND NOW, this 9th day of November, 2022, upon consideration of the Report and Recommendation filed by Magistrate Judge Patricia L. Dodge on October 24, 2022, (Docket No. 156), recommending that Plaintiff Daaron Shears' "Motion to Enforce and Uphold Mediation Agreement and/or Alternative Agreement," (Docket No. 145), be denied, as well as directing any objections to be made within 14 days such that objections for ECF users were to be filed by November 7, 2022 and any objections for non-ECF users were to be filed by November 10, 2022, the lack of objections by Defendant and Plaintiff's "Motion to Object Report & Recommendation" (Docket No. 158), filed on November 8, 2022, which the Court construes as his Objections to the Report and Recommendation, and upon independent review of the record including Plaintiff's Motion, (Docket No. 145), Defendant's Response, (Docket No. 147), Plaintiff's Reply, (Docket No. 150), the Settlement Agreement and General Release executed by the parties in July of 2020, (Docket No. 154), the Report and Recommendation, (Docket No. 156), and Plaintiff's Objections, (Docket No. 158),

IT IS HEREBY ORDERED that Plaintiff's Objections [158] are OVERRULED as Plaintiff has failed to persuade the Court that Magistrate Judge Dodge's Report and Recommendation should not be adopted. To that end, the Court finds that the parties' Settlement Agreement and Release is properly construed as a "private settlement agreement" such that the relief sought by Plaintiff in his present motion (i.e., an order directing the DOC to transfer him to SCI Frackville or to pay him additional settlement monies) due to a purported breach of the Settlement Agreement and Release is not available under the Prison Litigation Reform Act, 18 U.S.C. § 3626(c)(2)(A).

Insofar as Plaintiff now requests in his Objections that this civil action be reinstated or reopened, such relief is not appropriate because his claim that the DOC breached the Settlement Agreement and Release is without merit. Indeed, the plain language of the Settlement Agreement and Release simply did not require that Plaintiff remain at SCI Frackville until he graduated from the BMU program, as he now argues. (Docket No. 154 at 2, ¶ 1). Rather, the parties agreed that the DOC would transfer him to SCI Frackville within 60 days of the settlement, that he would be reenrolled in the BMU program at the same level as he was previously enrolled at SCI Smithfield and specifically referenced that he may successfully complete the BMU "either at SCI Frackville or another State Correctional Institution." (*Id.*). They also stipulated that "[i]t is further understood and agreed that this is the complete Settlement Agreement and General Release, and that there are no written or oral understandings, or agreements, directly or indirectly connected with this Settlement Agreement and General Release that are not incorporated herein," (*id.* at 4, ¶ 7), that the agreement was effective upon Plaintiff's receipt of the settlement check, (*id.* at 2, ¶ 1), and that the agreement would result "in the dismissal of any and all claims against the Defendant, and lead to the entry of a stipulation of

dismissal as to this Defendant," (*id*.).  In light of the plain language of the Settlement Agreement and General Release, which Plaintiff executed with the assistance and consultation of court-appointed ADR counsel, coupled with his admissions that all other aspects of the Settlement Agreement and General Release have been completed in that he received the settlement check from the DOC and was timely transferred to SCI Frackville in 2020 and reenrolled in the BMU program at the same level, (Docket Nos. 145, 158), his motion seeking specific enforcement of terms and conditions which were not part of the agreement must be denied and his claims in this action are appropriately dismissed;

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation [156] is adopted as the Opinion of the Court;

IT IS FURTHER ORDERED that Plaintiff's Motion to Enforce and Uphold Mediation Agreement and/or Alternative Agreement [145] is DENIED;

FINALLY, IT IS ORDERED that all of Plaintiff's claims in this action against Defendant C.O. Mooney are dismissed, with prejudice.


                                          *s/ Nora Barry Fischer*
                                          Nora Barry Fischer
                                          Senior U.S. District Judge


cc/ecf:   U.S. Magistrate Patricia L. Dodge
          All counsel of record

cc:       DAARON SHEARS
          KV1912
          SCI ROCKVIEW
          Box A 1 Rockview Place
          Bellefonte, PA 16823
          (via first class mail)